UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ALICIA M. C.[1], <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** <br><br> Defendant. | Case No.: 3:18-cv-01340-MK <br><br> **OPINION AND ORDER** <br><br> RE: PLAINTIFF'S APPLICATION FOR FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

**KASUBHAI, Magistrate Judge:**

## INTRODUCTION

Before the Court is Plaintiff's Application for Fees Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 24. Both parties consent to jurisdiction by a U.S. Magistrate Judge. For the reasons discussed below, the Court grants Plaintiff's application for fees and orders the award of attorney fees under the EAJA in the amount of $11,294.10.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental parties in this case.

1 – OPINION AND ORDER

## BACKGROUND

On August 8, 2019, the Court issued an Opinion and Order granting the Commissioner of Social Security's ("Commissioner's") Motion for Remand for further administrative proceedings. ECF No. 22. Plaintiff timely filed an EAJA application requesting attorney fees. Pl.'s EAJA Appl. 1, ECF No. 24. Plaintiff requested $7,127.07 in attorney fees. *Id.* Upon the Commissioner's filing of an objection, Plaintiff filed a reply and requested an additional $1,429.75 in attorney fees. Pl.'s Reply, ECF No. 27. The Commissioner objects certain portions of Plaintiff's attorney fees on two grounds. First, the $2,226.33 in attorney fees for the 10.9 hours Plaintiff's attorney spent in preparing the response to the Commissioner's Motion for Remand. Def.'s Resp. 2, ECF No. 26. Second, the $510.95 in attorney fees for the 2.9 hours that Plaintiff's attorney and the paralegal spent in preparing the EAJA application. *Id.*

## LEGAL STANDARD

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include "reasonable attorney fees". 28 U.S.C § 2412(d)(2)(A). While the EAJA contains a presumptive rate cap of $125 an hour in attorney fees, courts may award a higher fee for cost of living increases.[2] *Id.* The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party "unduly and unreasonably" protracted the final resolution of the

---

[2] The prevailing market is calculated annually and adjusted for increases in cost of living. For 2019, the prevailing market rate is $204.25.

case. 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D). When determining whether attorney fees are reasonable under the EAJA, federal courts use the "lodestar" method. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Id.* The prevailing party should exclude from their fee request hours that are excessive, redundant, or otherwise unnecessary. *Id.* The court can adjust the lodestar amount by considering reasonableness factors. *Stetson v. Grissom*, 821 F.3d 1157, 1166 (9th Cir. 2016). These factors, known as the "Kerr factors", include "the quality of representation, the benefit obtained . . . , the complexity and novelty of the issues presented, and the risk of nonpayment." *Id.* at 66-67.

## DISCUSSION

The Commissioner does not dispute that Plaintiff is the "prevailing party." Def.'s Resp., ECF No. 26. The Commissioner challenges Plaintiff's application for fees incurred in opposing the Commissioner's Motion for Remand and in preparing the EAJA application. *Id.* at 2.

### I. Fees for Opposing the Commissioner's Motion for Remand

#### A. Advancement of Plaintiff's Position

The Commissioner first contends that Plaintiff's attorney did not advance Plaintiff's position in opposing the Commissioner's Motion for Remand. *Id.* at 6-7. Plaintiff disagrees. The Court therefore evaluates whether Plaintiff advanced her position beyond the remand terms requested by the Commissioner. If a court identifies additional error, not conceded by the Commissioner in its proposed remand, then a plaintiff may recover compensation for time spent opposing the Commissioner's motion. *Scott B. v. Comm'r of Soc. Sec.*, 2019 WL 3412905, at *4 (D. Or. July 26, 2019).

The Commissioner requested that the Court remands the case for further proceedings and requested the Court to direct the ALJ to reconsider (1) "Plaintiff's subjective complaints;" (2) "the lay statements from Mr. Alberado, and;" (3) "Dr. Gullo's opinion that Plaintiff could sit for less than two total hours in an eight-hour workday, and other medical evidence as necessary." Def.'s Br. and Mot. Remand 9, ECF No. 20.

This Court ultimately held that

> [o]n remand, the Commissioner should reconsider Plaintiff's subjective complaints, Dr. Gullo's opinion, Dr. Jilhewar's opinion, and lay witness testimony of Plaintiff's husband, all concerning the limitations caused by fibromyalgia. If the above are credited, the Commissioner should reevaluate Plaintiff's residual functional capacity with the consideration of fibromyalgia and the constellation of Plaintiff's impairments.

Op. & Order 19-20, ECF No. 22.

The Court found additional errors in the ALJ's evaluation of Dr. Jilhewar's medical opinion and ordered reconsideration of Dr. Jilhewar's opinion on remand. *Id.* In addition, the Commissioner requested that reconsideration of Dr. Gullo's opinion be limited to Plaintiff's sitting limitation, but the Court determined that Dr. Gullo's opinion should be reconsidered in its entirety. Because the Court identified additional errors not conceded by the Commissioner, Plaintiff should be compensated for the attorney fees associated with Plaintiff's opposition to the Commissioner's requested remand. *Scott B.*, 2019 WL 3412905, at *4.

**B. Reasonableness of Fees**

The Commissioner contends that an award of $2,226.33 in attorney fees for the 10.9 hours Plaintiff's attorney billed in opposing the Commissioner's Motion for Remand is not reasonable. Def.'s Resp. 2-7, ECF No. 26.

The United States Supreme Court has identified "the proper relationship of the results obtained to an award of attorney's fees." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). The

Court concluded that a "reasonable fee" requires more inquiry by a district court than finding the "product of reasonable hours times a reasonable rate. *Id.* at 434. The district court must also consider the factor of the "results obtained." *Id.* The Court stated:

> This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Id.* The Court continued: "When an adjustment [in fees] is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437. In contingent fee cases where the attorney is unlikely to spend unnecessary time on a case because of the uncertainty of payment for the work, "courts should generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Costa*, 690 F.3d at 1136 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

Here, this Court has found that Plaintiff advanced her position in opposing the Commissioner's Motion for Remand by identifying errors not conceded by the Commissioner. Therefore, the extent of this relief is commensurate to the 10.9 hours incurred for the opposition. Given that the agreement between Plaintiff and her attorney is on a contingent fee basis, this Court will defer to the judgment of Plaintiff's attorney as to how many hours he billed. The Court finds that the fees in the amount of $2,263.33 is reasonable.

## II. Fees for Preparing EAJA Application

The Commissioner also objects to the $510.95 in attorney fees for the 2.9 hours Plaintiff's attorney spent in preparing the EAJA application, characterizing the hours as

excessive and unreasonable. Def.'s Resp. 7, ECF No. 26. The Commissioner contends that the EAJA application consisted primarily of boilerplate text. *Id.* However, "findings of duplicative work should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much." *Costa*, 690 F.3d at 1136 (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Here, Plaintiff prepared two sets of EAJA applications: (1) for a proposed stipulation, and; (2) after failed negotiations with the Commissioner. Pl.'s Reply 11, ECF No. 27. The Court finds that the 2.9 hours is not unreasonable for Plaintiff to prepare two sets of EAJA applications under the circumstances. The Court grants Plaintiff's request for the fees of $510.95.

### III. Additional Fees for Fee Petition

In reply, Plaintiff requests an additional $1,429.75 for preparing the reply for the attorney fees. The Supreme Court has held that under the EAJA, the prevailing party is entitled to attorney fees incurred in protecting the fee award in subsequent litigation by the government over the amount of fees. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161 (1990). Here, the Court finds that Plaintiff is entitled to the attorney fees incurred to prepare and file the reply in protecting the fee award.

### CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's Application for Attorney Fees in the amount of $ 11,294.10.

**IT IS SO ORDERED.**

DATED this 9th day of January 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge